UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANTHONY DeFINO, TAYLOR DOSS, ) <br> On behalf of themselves and all others ) <br> similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> THE MAIN STREET ASSOCIATES, ) <br> INC., BARRY ROAD ASSOCIATES, ) <br> LLC, BARRY ROAD ASSOCIATES ll, ) <br> LLC, BARRY ROAD ASSOCIATES III, ) <br> LLC, 5107 MAIN, INC., 5101 MAIN, INC., ) <br> SOUTHWEST BOULEVARD PIZZA, LLC, ) <br> MIDLAND ASSOCIATES, INC. and ) <br> GREGG D. JOHNSON ) <br> ) <br> ) <br> Defendants. ) | Case No.   22-cv-350 <br><br> Electronically Filed <br><br> CLASS ACTION <br> COLLECTIVE ACTION |

**COMPLAINT**

**COME NOW,** Anthony DeFino and Taylor Doss ("Plaintiffs"), on behalf of themselves, and all others similarly situated, by and through counsel, and for his Complaint against The Main Street Associates, Inc., Barry Road Associates, LLC, Barry Road Associates II, LLC, Barry Road Associates III, LLC, Barry Road Associates IV, LLC, 5107 Main, Inc., 5101 Main, Inc., Southwest Boulevard Pizza, LLC, Midland Associates, LLC. and Gregg D. Johnson ("Minsky's and Eggtc"), hereby state and allege as follows:

**PRELIMINARY STATEMENT**

1

1. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant for unpaid minimum wage and overtime compensation, and related penalties and damages.

2. Defendant's policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Further, Defendants maintain an unlawful tip pool scheme, whereby managers and supervisors participate in the tip pool along with tipped employees such as servers.

3. Plaintiff DeFino has worked as a server for Defendant's place of business in Kansas City, Missouri from approximately August 2020 to the present.

4. Plaintiff Doss has worked as a server for Defendant's place of business in Independence, Missouri from 2013-2015 and again in Kansas City, Missouri from approximately August 2020 – August 2021.

5. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

7. This Court has personal jurisdiction because Defendants have been conducting business in Missouri, and Plaintiff was an employee, working for Defendant, within this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and have substantial business contacts in Jackson County,

Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

9. Plaintiffs are residents of the State of Missouri, Jackson County.

10. At all relevant times, Plaintiffs were employed as a server for Defendants in Missouri.

11. Defendants The Main Street Associates, Inc., 5107 Main, Inc., 5101 Main, Inc., and Southwest Boulevard Pizza, LLC. are corporations organized under the laws of Missouri, with principal places of business located in the State of Missouri.

12. Defendants Barry Road Associates, LLC, Barry Road Associates II, LLC, Barry Road Associates III, LLC, Barry Road Associates IV, LLC. are limited liability companies organized under the laws of Missouri, with principal places of business located in the State of Missouri.

13. Defendant Midland Associates, LLC is a limited liability company organized under the laws of Kansas with principal places of business located in the State of Kansas.

14. Defendant Gregg D. Johnson is the owner, corporate officer, principal, and primary decision maker of all of the corporate Defendants listed herein.

15. At all times relevant to this action, Defendants operated restaurants under the brand names Minsky's Osteria Il Centro, and Eggtc. Minsky's restaurants are upscale pizza restaurants that serve pizza to their customers. Eggtc is a breakfast restaurant and serves breakfast to its customers. Osteria Il Centro is an upscale restaurant that serves Italian food to its customers.

16. At all times relevant to this action, Defendants were authorized to do business and was in fact doing business in the State of Missouri and State of Kansas.

17. At all relevant times, Defendants were the employer of Plaintiffs, and all other similarly situated employees, and is thus liable to Plaintiffs, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

18. Plaintiffs bring Count I, the FLSA claim for servers as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

> All Minsky's, Osteria Il Centro and Eggtc servers employed by Defendants within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week and/or whose tips were improperly pooled in violation of the FLSA.

19. Plaintiffs bring their state law claims in Count II (Mo. Rev. Stat. 290.500, *et. seq.*) and Count III (unjust enrichment / quantum meruit) as a class action pursuant to Fed. R. Civ. P. 23. Plaintiffs, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 classes are each defined as:

> All Minsky's, Osteria Il Centro and Eggtc servers employed by Defendants in the state of Missouri within three years of the filing of this action.

20. The class satisfies the numerosity standards in that the class numbers well into the hundreds or thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through

4

direct and electronic mail as well as notice posted in the restaurant.

21. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit";

b. Whether Defendants were entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

c. Whether Defendants provided the proper notice to class members in order to take the tip credit;

d. Whether Defendants recorded the amount of time spent performing non tip-producing activities;

e. Whether the Defendants maintained an improper tip pool scheme wherein managers and other ineligible workers participated;

f. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

g. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

22. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

23. Plaintiffs' claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

24. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

25. The Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

26. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

27. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from

the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

29. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

### Violation of the Fair Labor Standards Act

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

30. Plaintiff re-alleges the allegations as set forth above.

31. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

32. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

33. Defendants The Main Street Associates, Inc., Barry Road Associates, LLC, Barry Road Associates II, LLC, Barry Road Associates III, LLC, Barry Road Associates IV, LLC, 5107 Main, Inc., 5101 Main, Inc., Southwest Boulevard Pizza, LLC, Midland Associates, LLC and are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

34. At all relevant times, Defendants The Main Street Associates, Inc., Barry Road Associates, LLC, Barry Road Associates II, LLC, Barry Road Associates III, LLC, Barry Road Associates IV, LLC, 5107 Main, Inc., 5101 Main, Inc., Southwest Boulevard Pizza, LLC,

7

Midland Associates, LLC have been, and continue to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

35. At all relevant times Gregg D. Johnson is and has been a corporate officer of each of the related entities and maintains, and at all relevant times has maintained operational control over each of the related entities.

36. Additionally, at all relevant times, Gregg D. Johnson is and has been an owner of each of the related entities. Mr. Johnson helps guide company policies, instructs management, and is involved in ultimate corporate decision-making.

37. At all relevant times, Defendant Gregg D. Johnson has been, and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiffs and all similarly situated employees.

39. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

40. Plaintiffs were employed by Defendants. During this time frame, Plaintiffs performed work for Defendant in the position of server.

41. During the statutory period, Plaintiffs, and the putative class, were paid an hourly wage ranging from $2.13 per hour to $5.58 per hour, and received tips.

42. Prior to and during Plaintiffs' employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiffs.

8

Case 4:22-cv-00350-HFS   Document 1   Filed 05/27/22   Page 8 of 17

43. Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

44. The FLSA requires employers, such as Defendants, to compensate Plaintiffs, and all other non-exempt employees, overtime compensation at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

45. Plaintiffs and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

46. At all relevant times, Defendants have had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including failing to provide the proper tip credit notice, and requiring servers to spend more than 20 percent of their time engaged in non-tip-producing activities. Defendant have also had a policy of not paying for all overtime hours worked.

47. Defendants' failure to properly compensate Plaintiffs and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standard's Act minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

48. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

49. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to pay its servers under the same unlawful policies and procedures that are set forth in detail herein.

50. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees. Accordingly, Plaintiffs, and all others similarly situated, seeks damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action:

b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendants have violated state and federal law; and

f. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II
## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *et. seq.*

53. Plaintiffs incorporate the foregoing paragraphs 1 through and including -- as if fully set forth herein.

54. Plaintiffs and the putative class were employed by the Defendants and were paid wages below Missouri's minimum wage.

55. Said work often required Plaintiff and the putative class were to work in excess of forty (40) hours per week.

56. Plaintiffs and the putative class were not properly compensated for this work at the applicable rate of pay.

57. Plaintiffs and the putative class were were treated as non-exempt employees by the Defendants under the Missouri Wage statutes.

58. Defendants employ/employed other employees at its restaurants who are/were paid below Missouri's minimum wage requirements and were treated as non-exempt employees under the Missouri wage statutes. All such employees are hereby referred to as "similarly

11

situated" employees, or "putative class members."

59. These "similarly situated" employees were not given the proper notice for Defendants to take the "tip credit," in violation of Missouri law.

60. These "similarly situated" employees were compensated at a rate ranging from $4.30 to $5.58 per hour in Missouri, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

61. During the pertinent time periods, the proper rate of pay under Missouri wage law ranged from $7.25 to $11.16 per hour.

62. Said work often caused "similarly situated" employees to work in excess of forty (40) hours per week. These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

63. The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

64. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fail to compensate them full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

65. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

66. This Petition is brought and maintained as a class action for all state law claims

asserted by the Plaintiff because his claims are similar to the claims of the putative class members.

67. The names and addresses of the putative class members are available from Defendants. The Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants have violated, and continue to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

68. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

69. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiffs De Fino and Doss as Representative Plaintiffs, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional amount as liquidated damages as provided by Missouri law;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## **COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

70. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 60 of this Petition as though fully set forth herein.

71. Defendants have been and is being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

72. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

73. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiffs De Fino and Doss as Representative Plaintiffs, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**The Hodgson Law Firm, LLC**

*/s/ Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@elgkc.com
T: 816.600.0117

***ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE COLLECTIVE CLASS***